UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALKEET S., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, et al., <br><br> Respondents. | No. 1:26-cv-00045-TLN-JDP <br><br> **ORDER** |

This matter is before the Court on Petitioner Malkeet S.'s ("Petitioner") Motion for a Temporary Restraining Order ("TRO"). [1]  (ECF No. 2.)  On January 9, 2026, Respondents Christopher Chestnut, Pam Bondi, Kristi Noem, Todd Lyons, and Sergio Albarran ("Respondents") filed an opposition.  (ECF No. 7.)  Based on Respondents' designation of their opposition as one to the issuance of a TRO and preliminary injunction and because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction,[2] the Court considers whether a preliminary injunction should issue.  For the reasons set forth

---

[1]   On January 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus.  (ECF No. 1.) Based on the substance of Petitioner's petition and the relief requested therein, the Court construed the petition as a motion for a TRO.  (ECF No. 5.)

[2]   *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

1

below, the Court issues a preliminary injunction.

## I.  FACTUAL BACKGROUND

Petitioner is a noncitizen in the United States. (ECF No. 1 at 5.) The Executive Office for Immigration Review's Automated Case Information reflects Petitioner was ordered removed on December 15, 2022. Petitioner also contends he has pending applications for asylum and relief under the Violence Against Women Act ("VAWA"). (*Id.*) On September 17, 2025, Petitioner sought relief on his immigration proceeding to the United States Court of Appeals for the Ninth Circuit and filed a petition for review and a motion to stay his removal. *See Singh v. Bondi*, No. 25-5867 (9th Cir. 2025), Dkt. Entries 1, 5. That same day, the Ninth Circuit stayed Petitioner's removal pending further order of the court. *Id.*

On June 23, 2025, Petitioner was apprehended by Immigration and Customs Enforcement ("ICE") during a routine check-in. (ECF No. 1 at 5.) He is currently detained at the California City Immigration Processing Center. (*Id.* at 2.) On December 2, 2025, Petitioner was denied a bond hearing by an immigration judge on the grounds of lack of jurisdiction. (*Id.* at 2.) Petitioner has now been detained for over six months. (*See id.* at 5.)

On January 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus challenging the lawfulness of his civil detention. (ECF No. 1.)

## II.  STANDARD OF LAW

A preliminary injunction is an extraordinary remedy. Courts consider whether a petitioner has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh a petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable

1  injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must
2  demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of
3  hardships [must] tip[ ] sharply" in petitioner's favor in order to succeed in a request for a
4  preliminary injunction. *Id.* at 1134–35.

5  **III.    ANALYSIS**

6  The Court considers each of the *Winter* elements with respect to Petitioner's motion.

7        A.    <u>Likelihood of Success on the Merits</u>

8  Petitioner has established a likelihood of success on his claim that his detention violates
9  the Fifth Amendment Due Process Clause.

10 In *Zadvydas*, the United States Supreme Court considered prolonged immigration
11 detention after a final order of removal. 533 U.S. 678 (2001). Although the Government has
12 statutory authority to detain noncitizens for removal, "once removal is no longer reasonably
13 foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Court
14 established a burden-shifting framework to determine whether continued immigration detention is
15 lawful and adopted a presumption that immigration detention is reasonable for a period of up to
16 six months, after the final order of removal, when the detention is related to effectuating removal.
17 *Id.* at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that
18 there is no significant likelihood of removal in the reasonably foreseeable future, the Government
19 must respond with evidence sufficient to rebut that showing." *Id.*

20 Here, Petitioner has been in custody for more than six months, which Respondents do not
21 dispute. (*See generally* ECF No. 7.) Thus, they have lost the benefit of the *Zadvydas*
22 presumption. 533 U.S. at 701.

23 Further, the Court finds there is good reason to believe there is no significant likelihood of
24 removal in the reasonably foreseeable future. The Ninth Circuit has stayed Petitioner's removal
25 and set briefing deadlines on his petition for review as far out as March 2026. *See Singh v. Bondi*,
26 No. 25-5867, Dkt. Entry 14. On this record, there is no reason to believe that Respondents are
27 significantly likely to remove Petitioner in the reasonably foreseeable future. Therefore, the
28 burden shifts to Respondents to provide rebuttal evidence, but Respondents offer no such

evidence.  (*See generally* ECF No. 7.)

Moreover, where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017); *see also R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *4 (E.D. Cal. Sept 9, 2025) ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up).  Petitioner contends he is not a flight risk or danger to the community (ECF No. 1 at 5), which Respondents do not dispute (*see* ECF No. 7).  Indeed, Petitioner asserts he was detained as a result of his compliance with routine ICE check-ins.  (ECF No. 1 at 5.)

Without evidence of a legitimate basis to continue Petitioner's detention, Petitioner is likely to succeed on his claim.

          B.      <u>Irreparable Harm</u>

Petitioner has also established he will suffer irreparable harm in the absence of injunctive relief.  The Ninth Circuit recognizes "irreparable harms imposed on anyone subject to immigration detention," including "subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to [family.]" *Hernandez*, 872 F.3d at 995.  Such harm is present here. Without relief, Petitioner faces the prospect of significant additional time in detention and continued harm while he awaits a decision on his petition for review.  Moreover, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Thus, Petitioner has sufficiently established irreparable harm.

          C.      <u>Balance of Equities and Public Interest</u>

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092

(9th Cir. 2014)).  The Court finds these factors also favor Petitioner.  First, the balance of equities tips decidedly in Petitioner's favor as the Government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  Second, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002.  Moreover, "the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (internal citation omitted).  Any burden imposed by requiring Respondents to release Petitioner from unlawful custody and refrain from re-detention unless and until they comply with constitutionally required process is both *de minimis* and clearly outweighed by the substantial harm Petitioner will suffer if he continues to be detained.  In sum, these last two factors weigh in Petitioner's favor.

Therefore, the Court orders Petitioner's immediate release on the same terms as he was released prior to his detention[3] and issues a preliminary injunction as set forth below.

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Malkeet S. from custody under the same conditions as he was released prior to his current detention.  Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  **Respondents must file a notice certifying compliance with this provision of the Court's Order by January 12, 2026**.

2. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's

---

[3] *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy.").

removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

4. This matter if referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: January 9, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE